UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

 **Plaintiffs,**

v.            Case No. 8:13-cr-390-JDW-AAS

**EVA GRIMES,**

 **Defendant.**
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

The United States of America moves for a final order of garnishment pursuant to 28 U.S.C. § 3205(c)(7). (Doc. 31). Defendant Eva Grimes apparently does not oppose the United States' motion because she has not responded to the motion despite being warned that her failure to respond would result in the court treating the United States' motion as unopposed (Doc. 33).

The Federal Debt Collection Procedures Act (FDCPA) "provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution." *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015)

---

[1] This Amended Report and Recommendation replaces the Report and Recommendation entered yesterday.

1

(citations omitted). The FDCPA grants the United States several methods of collecting judgments, including writs of garnishment "against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Under the FDCPA, "when a garnishment action is initiated, the following items must be included and served on the judgment debtor and the garnishee: (1) the Application for Writ of Garnishment; (2) the Writ of Garnishment issued by the court; (3) instructions to the garnishee informing it of the requirement to file an answer; (4) instructions to the judgment debtors for objecting to the answer of the garnishee and for requesting a hearing; and the § 3202 Notice to the Judgment Debtor regarding the right to claim exemptions and request a hearing regarding the exemption issue." *U.S. v. Tierney*, No. 1:99-mi-151-WSD-LTW, 2009 WL 94539, at *1 (N.D. Ga. Jan. 13, 2009).

On October 31, 2017, the United States moved for the court to issue a writ of garnishment to Fidelity Investments (Fidelity) for a judgment owed by Ms. Grimes. (Doc. 23). The court granted the United States' motion. (Doc. 24). The United States issued the writ of garnishment. (Doc. 25). Fidelity answered the United States' writ and confirmed Fidelity was in custody and control of

Ms. Grimes's 401(k) retirement account with a vested account balance at the time of filing of $15,076.31. (Doc. 26). The United States personally served these documents on Ms. Grimes on May 3, 2022. (Doc. 30).

"28 U.S.C. § 3205(c)(7) provides that if no hearing is requested within twenty (20) days after the defendant receives the garnishee's answer to the Writ, the Court may enter an order directing the garnishee as to the disposition of the judgment debtor's interest in the property." *U.S. v. Vaughn*, No. 6:15-cr-165-Orl-40TBS, 2019 WL 2090268, at *1 (M.D. Fla. July 31, 2019). Ms. Grimes filed no objection and did not request a hearing.

Ms. Grimes's husband, Vernal Eric Grimes, however, does object to the government's motion for final writ of garnishment and requests protection of his claimed "spousal interest." (Doc. 34). Mr. Grimes claims he is an "innocent owner" of half of Ms. Grimes's 401(k) and requests the court direct Fidelity to liquidate Mr. Grimes's purported half of Ms. Grimes's 401(k) and pay the liquidated portion to Mr. Grimes. (*Id.* at 2). The United States opposes Mr. Grimes's request. (Doc. 36).

Mr. Grimes cites to a provision within the Employment Retirement Income Security Act to support the proposition that he has not "waive[d his] rights to [Ms. Grimes's] 401(k)." (*Id.*) (*citing* 29 U.S.C. § 1055). However, Section 1055 discusses the rights of spouse and non-spouse beneficiaries in receiving survivor benefits from ERISA-governed insurance plans and is thus

3

irrelevant to the question of whether the United States may garnish funds from Ms. Grimes's 401(k). Mr. Grimes also references a portion of the Department of Justice Asset Forfeiture Policy Manual discussing remission, a procedure involving forfeiture of property that is not relevant to the United States' efforts to collect restitution from Ms. Grimes. (*Id*.). Mr. Grimes cites no other statute or regulation authorizing him to retain half of Ms. Grimes's 401(k) and this court has not independently found any.

The United States has complied with the FDCPA. A final order of garnishment is therefore warranted. Mr. Grimes's claim to half of the 401(k) account lacks merit. Thus, the undersigned **RECOMMENDS**:

1. The United States' motion (Doc. 31) be **GRANTED** as follows:

    a. The Garnishee, Fidelity Investments, be directed to liquidate Eva Grimes's nonexempt interest in her Baycare 401(k) account (account number xxxxx2542) and pay the full balance of the account to the United States; and

    b. The check must be made payable to "Clerk, United States District Court," reference "Eva Grimes, Case No.8:13-cr-390-JDW-AAS," and be mailed to: Clerk, United States District Court, ATTN: DCU, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801.

2. The Third-Party Motion Requesting Protection of Spousal interest in 401K (Doc. 34) be **DENIED**.

The Clerk is directed to mail a copy of this Amended Report and Recommendation to: Vernal and Eva Grimes at 170 Bird Ln., Evergreen, AL 36401; and Fidelity Investment, Attn: Legal Operations, 100 Crosby Parkway, Mailzone KC1D, Covington, KY 41015. An electronic copy will be sent via CM/ECF to Ms. Grimes's former attorney, Victor D. Martinez, PA, 1408 N Westshore Blvd., Ste. 705, Tampa, FL 33607.

The Report and Recommendation entered on August 3, 2022 (Doc. 37) is **VACATED**.

**ENTERED** in Tampa, Florida on August 4, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right

to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.